IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00257-DDD-NRN

STEFANIA ROMISCH,
STEVEN R. JEFFERTS,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF COMMERCE, GINA RAIMONDO, SECRETARY, IN HER OFFICIAL CAPACITY,

     Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT, IN PART**

     Defendant Raimondo submits this Reply in Support of her Motion to Dismiss the Amended Complaint, In Part, ECF No. 23. Romisch's response does not rebut Defendant's showing that Romisch failed to plead nonconclusory facts plausibly showing that she was subjected to severe or pervasive harassment, or that such harassment was based on discriminatory animus. The motion to dismiss should be granted.

**ARGUMENT**

     As explained in Defendant's motion, to state a claim for hostile work environment, a plaintiff must allege nonconclusory facts to support the two elements of such a claim: (1) abusive treatment—that the discrimination was "sufficiently severe or pervasive such that it altered the terms or conditions of h[er] employment and created an abusive working environment," and (2) animus—that she was discriminated against *because of* a protected ground. *Morris v. City of Colorado Springs*, 666 F.3d 654, 663 (10th Cir. 2012); *Brown v. LaFerry's LP Gas Co.*, 708 F.

App'x 518, 520 (10th Cir. 2017) (applying analysis to Title VII claim in context of Rule 12(b)(6) motion). Romisch has failed to allege non-conclusory facts that make this showing.

I.   **Romisch does not provide facts to support the inferences she asserts.**

First, Romisch's response ignores the Tenth Circuit's explanation of what allegations count as "conclusory." *See generally* ECF No. 24. In *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272 (10th Cir. 2021), the Tenth Circuit held that an allegation that states an inference is conclusory—and should be disregarded on a motion to dismiss—where it either does not "stat[e] underlying facts" or where it is "devoid of any factual enhancement." *Id.* at 1281. Under this standard, many of Romisch's allegations are conclusory because they are no more than generalities that insinuate improper conduct while omitting underlying facts or factual enhancement. *See* ECF No. 23 at 5-7 (setting forth the conclusory allegations in the Amended Complaint and explaining why the allegations are conclusory under Tenth Circuit standards).

In her response, Romisch simply restates the allegations in the complaint and broadly contends that these allegations are "factual," not conclusory. *See* ECF No. 24 at 5-8. This argument fails. First, several of the allegations that Romisch argues are nonconclusory are not, in fact, the same allegations that Defendant explained were conclusory in her motion. *Compare* ECF No. 23 at 5-7 *with* ECF No. 24 at 5-9. And, conversely, Romish does not address certain allegations that Defendant explained *were* conclusory.[1] *Compare* ECF No. 23 at 5-7 *with* ECF No. 24 at 5-9.

Regarding the paragraphs that Defendant *did* argue were conclusory (and which Romisch addresses in her response), Romisch does not analyze these allegations under the *Brooks*

---

[1] For example, Romisch does not address—or dispute—Defendant's argument that paragraphs 37, 43, and 61-69 are conclusory.

definition, which again requires that inferences be supported by underlying facts or other factual enhancement. *See generally* ECF No. 24; *Brooks*, 985 F.3d at 1281. For example, Romisch argues that paragraphs 13-15 and 17 are not conclusory because her "allegation of reporting incidents of general discrimination and abuse are factual." ECF No. 24 at 5. But as explained in Defendant's motion, paragraphs 13-15 and 17 allege only that Romisch experienced "verbal abuse" by male colleagues at unspecified times between 2013 and 2019, and that management "had … been made aware" of this abuse. *See* ECF No. 23 at 2, 5. Romisch provides no factual enhancement explaining what she means by "verbal abuse," nor does she explain *how* management "had … been made aware of [the] abusive conduct," what they knew about the alleged abuse, or when they knew it. In other words, she is asking the Court to draw the inference that she experienced "abuse" (and that management was aware of this fact) without providing underlying facts to support this inference. *See, e.g., Folsom v. Knutson*, 702 F. App'x 781, 782 (10th Cir. 2017) (characterizing claim that defendant "verbally abused" plaintiff as conclusory); *Feliciano v. 131st Block Ass'n Inc.*, 468 F. App'x 41, 43 (2d Cir. 2012) ("Appellant's complaint also contains conclusory allegations concerning instances when she was verbally abused[.]"); *Brown v. MDOC*, 215 F.3d 1325 (6th Cir. 2000) (Table) ("Brown's allegation that Beckham verbally abused him about grievances is vague and conclusory as Brown did not allege any specific comments by Beckham."); *Clark v. City of Park Hills Police Dep't*, No. 13-cv-1152 CAS, 2013 WL 6150328, at *2 (E.D. Mo. Nov. 22, 2013) ("Plaintiff claims he was verbally abused ….although his claims for 'verbal abuse' are conclusory in nature and do not contain any specific negative comments[.]").

The same is true for the remaining allegations that Defendant explained were conclusory in her motion. *See* ECF No. 23 at 5-7. In paragraph 19, for example, Romisch alleges that her

3

subordinate employee "deeply resented being accountable to a female supervisor." ECF No. 19 ¶ 18. In her response, Romisch argues that this allegation is factual, not conclusory. ECF No. 24 at 5-6. But it is not factual: Romisch is asking the Court to draw the *inference* that her subordinate (whom she alleges was plotting her ouster) was took certain actions due to Romisch's gender, rather than for some other gender-neutral explanation such as Romisch's management style or even a simple personality conflict. Romisch provides no facts to support the inference of animus, specifically, that she is asking the Court to draw from this allegation. *See generally* ECF No. 18.

Likewise, Romisch argues that paragraphs 27 and 28 (alleging that her supervisor declined her request for "a management consultant" "similar" to one "who had been successfully brought in for a male group leader," ECF No. 18 ¶¶ 27, 28) is not conclusory because the "male group leader" was "obviously … 'similarly situated'" to her. ECF No. 24 at 6. But this argument ignores the meaning of "similarly situated" in the employment context, which requires more than being employed in similar positions. *See Mackenzie v. City & County of Denver*, 414 F.3d 1266, 1278 (10th Cir. 2005) ("Individuals are considered 'similarly situated' when they (1) have dealt with the same supervisor; (2) were subjected to the same work standards; and (3) had engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."); *see also* ECF No. 23 at 6 (quoting *Luke v. Hosp. Shared Servs., Inc.*, 513 F. App'x 763, 765-66 (10th Cir. 2013)). Here, Romisch alleges that she requested a management consultant "similar" to what a male group leader had received at some unknown point in the past, but does not offer any underlying facts showing that this request was made to the same supervisor, that she and the male group leader had engaged in the same conduct, or that they were dealing with comparable management issues. Accordingly,

4

because Romisch does not provide facts to support the inference that the male group leader was similarly situated to her, the allegation is conclusory.

Finally, Romisch argues that paragraph 32 (alleging that her second-level supervisor had "praised" and "ratified" alleged discriminatory conduct, ECF No. 18 ¶ 32), is not conclusory because it "is a factual allegation, entitled to a presumption of truth." ECF No. 24 at 6. But again, this is not a purely factual allegation. "Praising" and "ratifying" are relative terms. This broad allegation begs the question of what—specifically—her second-level supervisor did or said that led Romisch to believe he "praised" or "ratified" alleged discriminatory conduct. Because Romisch does not offer facts *showing* that her supervisor "praised" and "ratified" such conduct, the Court cannot reasonably draw the inference that the supervisor did so. *See* ECF No. 23 at 6.

## II.     Romisch has not plausibly alleged that she was subjected to severe or pervasive harassment.

Even accepting the non-conclusory allegations as true, Romisch has not plausibly established the first prong of a hostile-work-environment claim: that she was subjected to "severe or pervasive" harassment. *See* ECF No. 23 at 7-10. To state a hostile-work-environment claim, Romisch must set forth nonconclusory facts plausibly showing that the discriminatory harassment was "sufficiently severe or pervasive to alter the conditions" of employment. *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015); *Brown*, 708 F. App'x at 520. Romisch must also "allege facts showing that the work environment '[wa]s both subjectively and objectively hostile or abusive.'" *Brown*, 708 F. App'x at 520.

In her motion, Defendant explained why Romisch has not met these standards, and why her allegations are far more akin to normal job stresses rather than to "severe or pervasive harassment." *See* ECF No. 23 at 8-10. Romisch's response does not engage with the cases cited in

Defendant's brief or explain why her allegations are sufficient to state a claim under Tenth Circuit law. *See generally* ECF No. 24. Instead, Romisch argues only that in the Tenth Circuit, "pervasiveness and severity are 'quintessentially questions of fact'" that should not be resolved on a motion to dismiss. ECF No. 24 at 7 (quoting *McCowan v. All Star Maintenance, Inc.*, 273 F.3d 917, 921 (10th Cir. 2001).

Accepting this argument, however, would mean that courts could *never* dismiss hostile-work-environment claims for failure to adequately plead severity and pervasiveness—no matter how sparse or conclusory the allegations. It well established that this not the case: "[c]ourts presented with allegations that fail to demonstrate sufficient severity or pervasiveness regularly dismiss hostile work environment claims, even at the pleading stage." *Harrison v. State Univ. of New York Downstate Med. Ctr.*, 2018 WL 4055278, at *12 (E.D.N.Y. July 6, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 4054868 (E.D.N.Y. Aug. 24, 2018); *see also* ECF No. 23 at 8-10 (citing cases). As Romisch acknowledges, she is required to plead "plausible" claims, and to include factual allegations "sufficient to raise a right to relief above the speculative level." ECF No. 24 at 3. As explained in Defendant's motion, she has not done so. *See* ECF No. 23 at 7-10. Romisch has not rebutted this argument. *See generally* ECF No. 24.

### III. Romisch has not plausibly alleged that the behavior of which she complains was *because* of discriminatory animus.

Finally, Romisch's hostile-work-environment claim should also be dismissed because she has not plausibly alleged facts to support the second prong of a hostile-work-environment claim: that any harassment she allegedly experienced was based on discriminatory animus. Romisch must plead facts showing that her work environment was permeated with "discriminatory" intimidation, ridicule, and insult. *See* ECF No. 23 at 4-5, 10-11; *Brown*, 708 F. App'x at 520

("To state a hostile work environment claim …, a plaintiff must, among other things, plead facts sufficient to show that the work environment 'is permeated with *discriminatory* intimidation, ridicule, and insult[.]'") (emphasis added). The alleged harassment thus must be discriminatory; "[g]eneral harassment alone is not actionable." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 897 (10th Cir. 2017).

As explained in Defendant's motion, Romisch has not met her burden to plausibly show severe or pervasive harassment that was "discriminatory." *See* ECF No. 23 at 10-12. Romisch does not allege that her supervisor engaged in any of the "necessary sexual or other gender-related connotations to be actionable sex discrimination," *Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 838 (11th Cir. 2021). Nor does she allege that her supervisor (who was a woman herself) treated other women differently than men. *See generally* ECF No. 18. Furthermore, Romisch affirmatively alleges that her supervisor treated Romisch's husband—a man—equally poorly. *See generally id*. Romisch also admits that multiple individuals (including one individual who had come to her *defense* in earlier interactions) took issue with her management style, and that—in response to hearing her supervisor's concerns about her work performance—she blamed a subordinate employee for her ongoing performance issues. *See* ECF No. 18 ¶¶ 13, 19, 25, 30. On these facts, as Defendant explained, Romisch has not plausibly shown that her supervisor's alleged conduct in supervising her (even accepted as true) was due to Romisch's gender, rather than to some nondiscriminatory motive such as Romisch's performance as a manager. *See* ECF No. 23 at 7-10.

In response, Romisch argues that she need only show that her supervisor's alleged conduct was "motivated," to some degree, by Romisch's gender. *See* ECF No. 24 at 7. But even

7

accepting this argument, Romisch still must plead facts—not inferences—making it *plausible*—not just possible—that her supervisor's alleged conduct was (at the very least) motivated by gender-based animus. Here, for the reasons set forth above and in Defendant's motion, ECF No. 24 at 7-10, she has not done so.

## CONCLUSION

For the reasons set forth above and in Defendant's motion, ECF No. 23, Defendant respectfully requests that the Court dismiss Count I of the Amended Complaint, ECF No. 18 ¶¶ 61-69, in its entirety.

Dated July 5, 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/ Lauren Dickey*
Lauren Dickey
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
Tel. (303) 454-0188
Fax (303) 454-0411
Lauren.Dickey2@usdoj.gov

Certification pursuant to DDD Civ. P.S. III(A)(4):  I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will send notification of such filing to the following email address(es):

Ingrid.DeFranco@gmail.com

*s/ Lauren Dickey*
Lauren Dickey
Assistant United States Attorney
United States Attorney's Office
