IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00257-DDD-NRN

STEFANIA ROMISCH,
STEVEN R. JEFFERTS,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF COMMERCE, GINA RAIMONDO, SECRETARY, IN HER OFFICIAL CAPACITY,

Defendant.

---

## MOTION TO EXCEED WORD LIMITATION

Defendant respectfully moves for an order permitting her to submit a summary judgment motion of no more than 7,000 words. Absent the requested order, Defendant's motion would be limited to 5,500 words. *See* DDD Civ. P.S. III(A)(2). There is good cause for this request, as set forth below. Counsel for Defendant has conferred with counsel for Plaintiffs, and Plaintiffs oppose the requested relief.

1. This is an employment discrimination action with two plaintiffs and multiple claims based on facts that largely do not overlap.

2. Plaintiffs Stefania Romisch and Steven Jefferts were employed by the Department of Commerce's National Institute of Standards and Technology. *See generally* ECF No. 18 (Amended Complaint).

3. Plaintiff Romisch brings three separate gender discrimination claims in this

1

action, including claims based on an alleged hostile work environment, disparate treatment, and retaliation. *See generally* ECF No. 18.

4. Plaintiff Jefferts brings a separate retaliation claim based on multiple allegedly retaliatory acts that he claims occurred after he began assisting Romisch with a gender discrimination complaint. *See generally* ECF No. 18.

5. Defendant intends to move for summary judgment on all claims. Defendant's motion is due this coming Friday, May 12, 2023. *See* ECF No. 37.

6. To support its motion, Defendant must set forth separate sets of undisputed material facts relevant to each individual plaintiff and that plaintiff's claims. These facts largely do not overlap.

7. Moreover, in their complaint and discovery responses, both plaintiffs have alleged numerous distinct grounds for their respective hostile work environment and retaliation claims. Again, these claims and allegations largely do not overlap, and Defendant plans to identify and address all of these claims in order to explain why Defendant is entitled to summary judgment on the entirety of Plaintiffs' complaint.

8. Defendant also intends to assert multiple arguments for why summary judgment is appropriate in this case, including arguments addressing administrative exhaustion as well as arguments on the merits of Plaintiffs' claims. *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973) (setting forth the burden-shifting framework applicable in gender discrimination and retaliation cases).

9. Defendant is mindful of the Court's requirement of brevity, as shown in the 5,500-word limit and its instruction to set forth each undisputed fact in "simple, declarative

sentences." *See* DDD Civ. P.S. III(E)(1)(a). Nonetheless, for the reasons described above and despite significant efforts to make the brief as concise as possible, Defendant anticipates that it will be unable to fully set forth the material facts and law relevant to each of Plaintiffs' claims and Defendant's arguments within the existing word limitations.

10. Accordingly, Defendant seeks permission to submit a summary judgment motion of no more than 7,000 words. An additional 1,500 words should allow Defendant to submit a comprehensive summary judgment motion—while still abiding by the Court's direction for brevity—including all material facts and law necessary for the Court to fully analyze Plaintiffs' claims and determine whether summary judgment is appropriate.

Respectfully submitted on May 9, 2023,

    COLE FINEGAN
    United States Attorney

    *s/ Lauren Dickey*
    Lauren M. Dickey
    Brad Leneis
    Assistant United States Attorneys
    1801 California Street, Suite 1600
    Denver, CO  80202
    Tel.: (303) 454-0100
    Lauren.Dickey2@usdoj.gov
    Brad.Leneis@usdoj.gov
    Attorneys for Defendant United States

## CERTIFICATE OF SERVICE (CM/ECF)

  I hereby certify that on May 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual:

Ingrid DeFranco
Law Office of Ingrid J. DeFranco
P.O. Box 128
Brighton. CO 80601-0128
303-443-1749
fax: 303-558-4294
ingrid.defranco@gmail.com

                       *s/ Lauren Dickey*
                       U.S. Attorney's Office